**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Patrick L. WASHINGTON,**
**Defendant—Appellant.**

No. 05–10063.

D.C. No. CR–03–00406–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2006.*

Decided May 23, 2006.

Russell E. Marsh, Darin Lahood, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellee.

Todd Leventhal, Las Vegas, NV, for Defendant—Appellant.

Before KOZINSKI and FISHER, Circuit Judges, and BLOCK, District Judge.**

MEMORANDUM***

1. The comments made by the prosecutor during summation were not improper. A review of the trial transcript makes clear that the prosecutor did not refer to evidence that had been excluded as hearsay, and did not mischaracterize the testimony of Katie Washington. The prosecutor's statement that Washington carried the firearm into the bar was supported by the defendant's own statement to the arresting officers. Finally, although a prosecutor may not interject his personal opinion regarding witnesses' credibility, *see United States v. Garcia–Guizar*, 160 F.3d 511, 520–21 (9th Cir.1998), the prosecutor's comments regarding Green's testimony, taken as a whole, did not go beyond commenting on the evidence and asking the jury to draw inferences regarding his veracity. These remarks were therefore not improper. *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991) ("In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying.").

2. In any event, because defense counsel did not object to the prosecutor's com-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

ments, reversal is proper only if the comments amounted to plain error. *United States v. de Cruz*, 82 F.3d 856, 861 (9th Cir.1996). Under this standard, we may reverse "if, viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice." *United States v. Combs*, 379 F.3d 564, 568 (9th Cir.2004). Even if we were to conclude that the comments were improper, reversal would not be warranted because the evidence of Washington's guilt was overwhelming, and the jury was instructed on more than one occasion that the statements of attorneys are not evidence and that it is the jurors' job to evaluate the witnesses' credibility. *See Garcia–Guizar*, 160 F.3d at 521 (when reviewing for plain error, the court weighs the seriousness of the statements against "the strength of the curative instruction and the closeness of the case").

3. Washington's request to file a *pro se* supplemental brief is granted but is immaterial because the issue raised therein is meritless. Washington has not established that his civil rights have been restored under Nevada Law. *See* Nev.Rev.Stat. §§ 176A.850(1),(3).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.